UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:13-CR-21-KKC-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | PLAINTIFF, |
| V. | RECOMMENDED DISPOSITION | |
| JERRY BEAVERS, | | DEFENDANT. |

The defendant, Jerry Beavers, appeared before the undersigned on August 1, 2019 for a final revocation hearing on a petition charging that he violated the conditions of his supervised release. He was present for the proceeding and represented by counsel. At the hearing the defendant was advised of his rights to remain silent, consult with his attorney and to a final hearing before the undersigned where the government would be required to prove the violations. In addition, the defendant was advised of the charges against him and all applicable penalties as prescribed by the Guidelines and the relevant statues. Thereafter, the defendant offered a plea of guilty to the violation in a knowing, intelligent and voluntary way. Jointly, the parties asked the court to impose a period of 5 months incarceration, the low end of the applicable Guideline range, with no further supervised release to follow. After full consideration and for the reasons explained within, the undersigned will recommend that Jerry Beavers be found guilty of the charged violation, his supervision revoked and that he be sentenced to a period of five months incarceration with no further supervision to follow.

**FACTUAL BACKGROUND**

On May 8, 2014, Beavers entered a guilty plea to the crime of Conspiracy to Distribute Heroin, in violation of title 21, United States Code § 846. He was sentenced to time served with

1

ten years of supervised release to follow. As part of his supervised release, he was given a special condition that he reside in a community confinement facility for a period of six months.

On January 7, 2015, his supervised release was revoked after he was terminated from the community confinement facility for assisting another resident in breaking into a property storage area and stealing property. His supervision was revoked and he was sentenced to six months incarceration with ten years of supervision to follow. He was released to begin his second term of supervision on June 2, 2015.

On August 4, 2017, Beavers was positive for use of methamphetamine, but was allowed to remain on supervision and given the opportunity to continue in counselling and pursue his education.

On January 8, 2018, his supervised release was again revoked after he was arrested and charged with public intoxication and disorderly conduct. He was sentenced to five months incarceration with the requirement that he resume his unexpired period of supervision, which was set to expire on June 1, 2015. He was released from the Bureau of to begin his third term of supervision on May 2, 2018.

The conduct leading to the instant violation then occurred beginning on March 1, 2019. At that time, Beavers contacted his supervising officer to report that he was relocating to another residence. He was directed to notify the officer of his new address when he moved. However, he failed to do so, and made no further contact with his supervising officer. All further efforts to reach him at the telephone numbers he provided or to contact Beavers through his sister proved unsuccessful. As a result, the defendant was charged with violating Standard Condition No. 5 of his conditions of supervision. That condition provides:

> The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements

(such as the people he is living with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or unexpected change.

On August 1, 2019, Beavers appeared before the undersigned for a final revocation hearing on the charge. After being advised of all applicable rights, the defendant offered a plea of guilty to the violation in a knowing, intelligent and voluntary way. The matter was taken under advisement for purposes of considering the appropriate sentence to be imposed.

## **RECOMMENDED SENTENCE**

The parties jointly ask the court to impose a period of 5 months incarceration, the low end of the applicable Guideline range, with no further supervised release to follow. Having considered the record in this matter and the arguments of counsel, the undersigned will recommend that a sentence be imposed as requested.

### **I.**

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for the factors that must be considered for a sentence to be properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant. This is the fourth violation of Beavers' supervision conditions. In addition to evidence of past substance abuse of cocaine, hallucinogens, morphine, heroin and marijuana, he is confronted with mental health issues and was diagnosed as Bipolar in 2005. At the final hearing in this matter, he stated that the diagnosis has been revised and he is now considered to suffer from ADHD and PTSD. He has better than two years of college credit toward a degree in computer sciences, but has experienced periods of homelessness in the recent past.

He was detained while awaiting trial in the underlying action, when he was held for 6 months before being sentenced to time served. In addition, since his release on supervision he has served an additional 11 months of incarceration upon revocation of his supervision. Although he has a criminal history category of III, a review of his criminal history reveals that this is attributed to a 2006 misdemeanor conviction in Pike District Court for Disorderly Conduct; a 2007 conviction in Pike District Court for Operating a Motor Vehicle Under the Influence of

Drugs/Alcohol; and a 2009 conviction in Pike District Court for Operating a motor vehicle on a suspended license.

### III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Although he has experienced violations and periods of confinement, Beavers has now been under the Court's supervision for a period of more than 5 years. This is Beavers' fourth violation, and issues of substance abuse and mental health have contributed to his violation conduct, as he has demonstrated difficulty complying with supervision conditions. Therefore, a period of incarceration within the recommended Guideline range would be appropriate in this case.

In addition, the record of supervision reveals that he has experienced substantial periods of compliance with the terms of supervision and he has shown some success in that he has experienced periods of improvement in his mental health and decreased substance abuse. Although the conduct now before the Court is sufficient to establish a violation of supervision, it is not conduct constituting a violation of any other federal, state or local law. Therefore, a sentence of 5 months incarceration with no supervision to follow would be sufficient, but not greater than necessary to reflect the seriousness of his current offense,

promote respect for the law, and provide punishment for the offense. It is also sufficient to protect the public from further crimes and deter any future similar conduct.

### IV.

The kinds of sentences and the sentencing ranges available.

In this action, the violation committed by Beavers is a Grade C Violation. Considering the severity of this violation in combination with his criminal history of III, the United States Sentencing Guidelines recommend a sentence of imprisonment of 5-11 months, however, the longest period of incarceration allowed under 18 U.S.C. § 3583(e)(3) is two years, with no maximum of supervision to be re-imposed.

### CONCLUSION

As previously stated, that facts upon which the Court recommends finding that the Defendant committed a violation of Standard Condition No. 5, as established by his own admission, have been proven by a preponderance of the evidence. For the reasons previously stated, the undersigned recommends:

(1) That the Defendant be found guilty of violating Standard Condition No. 5 as alleged;

(2) That the defendant's supervision be REVOKED, and he be sentenced to a period of five months incarceration with no supervision to follow;

(3) That upon a waiver filed into the record **WITHIN TEN DAYS** evidencing Beavers' knowing, intelligent and voluntary relinquishment of his right of allocution in this action, judgment be entered consistent with this recommended disposition; and

(4) That in the event Beavers desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen Caldwell for purposes of allocution and sentencing.

Signed August 2, 2019.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge